**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **ANTHONY JOHNSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Civil Action No. 5:19-00609** |
| | ) | |
| **MICHAEL FRANCIS,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's letter-form Petition for Writ of *Habeas Corpus* filed pursuant to 28 U.S.C. § 2241 and Supplemental Petition.[1] (Document Nos. 1 and 13.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's letter-form Section 2241 Petition and Supplemental Petition, the undersigned finds, and hereby respectfully recommends, that Petitioner's Petitions should be dismissed.

**Petitioner's Section 2241 Petition**

Petitioner indicates in his letter-form Section 2241 Petition that he is a pretrial detainee challenging his detention pursuant to an Indictment filed in the Summers County Circuit Court in State v. Johnson, Criminal No. 19-F-18, charging Petitioner with one count of murder in violation of West Virginia Code 61-2-1. (Document No. 1.) First, Petitioner claims that a change of venue is necessary because the "Judge, prosecutor, and [his] attorney has only presented [him] with an

---

1 Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Indictment that has no State seal, no grand juror's signature, or notary or time stamp." (Id.) Second, Petitioner asserts that he is being held without bond. (Id.) Finally, Petitioner states that he "would like [his] attorney, Derrick Lefler, off [his] case[2] and this entire matter to be moved to where he will have a fair trial." (Id.) Petitioner requests that "someone come see [him] and talk to [him]" concerning the above matters. (Id.) As Exhibits, Petitioner attaches the following: (1) A copy of a letter from his attorney, Derrick W. Lefler, dated August 8, 2019 (Id., p. 3.); and (2) A copy of Petitioner's Indictment dated July 16, 2019 (Id., p. 4.).

On October 30, 2019, Petitioner filed a letter-form Supplemental Petition. (Document No. 13.) Petitioner complains that the prosecutor and Court will not "turn over the Grand Jury transcripts" concerning his Indictment on July 16, 2019. (Id.) Petitioner states that his attorney requested the Grand Jury transcripts on October 4, 2019. (Id.) Petitioner contends that the "Court is just stalling and [his] attorney keeps saying we just have to wait and that is on the Judge." (Id.) (Id.) Petitioner states that he "fears that [his] case may have not been fully, or even at all, presented to a Grand Jury." (Id.) Finally, Petitioner claims that "the State Police, and also Jerry Davis with the Drug Task Force, have been leading, coaching, and coercing witnesses." (Id.) As an Exhibit, Petitioner attaches a letter from his attorney, Richard M. Gunnoe, dated October 7, 2019, concerning his request for the Grand Jury transcript. (Id., p. 4.)

**ANALYSIS**

Title 28 U.S.C. § 2241 provides a remedy when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). State and Federal Court pretrial detainees may properly resort to Section 2241 for relief. Davis v. South Carolina, 2008 WL 154126 (D.S.C. Jan. 14, 2008)("[P]etitions for federal habeas corpus relief by pretrial

[2] In his Supplemental Petitioner, Petitioner indicates that is now represented by Richard M. Gunnoe.

detainees can be brought under 28 U.S.C. § 2241 . . ..") Pretrial detainees requesting *habeas* relief in Federal Court must demonstrate "special circumstances." Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973)("[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."); Jones v. Perkins, 245 U.S. 390, 381, 38 S.Ct. 166, 62 L.Ed. 358 (1918)("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); Dickerson v. Louisiana, 816 F.2d 220, 224 - 226 (5th Cir. 1987); Moore v. DeYoung, 515 F.2d 437, 443 (3rd Cir. 1975)("[J]urisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present.") Pretrial detainees allege special or extraordinary circumstances when the circumstances impact a constitutional right, *habeas* relief would not result in dismissal of the pending criminal proceedings and the pretrial detainee has exhausted all remedies prior to seeking *habeas* relief. Braden, 410 U.S. at 489 - 490, 93 S.Ct. at 1126 - 1127; Dickerson, 816 F.2d at 225 - 226. Obviously, the circumstances under which pretrial detainees might make a viable claim for *habeas* relief are extremely limited. Thus, though District Courts can consider pretrial detainees' petitions under Section 2241, they rarely, if ever, do so finding that (1) they should abstain from exercising jurisdiction and/or (2) they do not have jurisdiction because petitioners have not exhausted State and Federal Court remedies. See Lucas v. Francis, 2015 WL 9899362, * 4 (S.D.W.Va. Dec. 28, 2015); Chaparro v. Reardon, 2014 WL 4662233 (D.N.J. Sept. 18, 2014); Elkins v. United States, 2012 WL 1016066 (W.D.Va. March 23, 2012)("[C]ourts routinely dismiss as premature habeas petitions filed during the defendant's criminal trial and raising claims that should be addressed as part of the criminal proceedings."); Mitchell v. Harry, 2013 WL 6283691 (M.D. Pa. Dec. 3, 2013);

Smith v. PA State Attorney General, 2011 WL 6012976 (M.D.Pa. Nov. 3, 2011); Davis v. South Carolina, 2008 WL 154126 (D.S.C. Jan. 14, 2008); Clark v. Anderson, 2001 WL 1631538 (N.D. Tex. Dec. 14, 2001); Moore v. United States, 875 F.Supp. 620 (D.Neb. 1994). The District Court should do the same in this case.

"Under the Younger-abstention doctrine, interest of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 237-38, 104 S.Ct. 2321, 2327, 81 L.Ed.2d 186 (1984). The Fourth Circuit has recognized that "Younger abstention is appropriate only in those cases in which (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interest, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." Employers Resource Management Co., Inc. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995), cert. denied, 516 U.S. 1094, 1167 S.Ct. 816, 133 L.Ed.2d 761 (1996). A Court should disregard Younger's mandate only where "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006)(internal quotations omitted). "[O]ne such extraordinary circumstance may exist in the double jeopardy context." Id.; also see Gilliam v. Foster, 75 F.3d 881, 904 (4th Cir. 1996)(recognizing that the protection of the Double Jeopardy Clause "would be irreparably lost if petitioners were forced to endure the second trial before seeking to vindicate their constitutional rights at the federal level"). Speedy trial claims may also be reviewable in a pretrial federal *habeas* proceeding, but only after exhaustion of state remedies. Braden v. 30th Judicial Circuit Court, 410

U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); also see Carden v. State of Montana, 626 F.2d 82, 84 (9th Cir. 1980)(reversing district court's grant of *habeas* relief on a Sixth Amendment speedy trial claim because petitioners failed to demonstrate the type of special circumstances warranting federal intervention prior to trial and noting that petitioners' remedy is to proceed to trial and thereafter raise their speedy trial claim); Dickerson v. State of Louisiana, 816 F.2d 220, 226-27 (5th Cir. 1987)(affirming denial of pretrial *habeas* relief on Sixth Amendment speedy trial claim); Neville v. Cavanagh, 611 F.2d 673, 674-76 (7th Cir. 1979)(affirming denial of pretrial *habeas* petition claiming violation of the right to speedy trial under Interstate Agreement on Detainers Act, even though claim was presented to state supreme court); Moore v. DeYoung, 515 F.2d 437, 443 (3rd Cir. 1975)(concluding that the federal court should abstain from considering a speedy trial claim at the pretrial stage because the claim could be raised at trial and on direct appeal).

In the instant case, Petitioner essentially questions the validity of the Indictment against him, requests a change of venue, and challenges the integrity of the evidence against him. Petitioner does not allege a specific violation of federal law or a federal constitutional right. The undersigned further finds that the Younger abstention doctrine applies in the instant case. First, Petitioner acknowledges that State court proceedings are ongoing and Petitioner has not yet been convicted on the Indictment. Second, a pending State criminal proceeding clearly involves an important State interest. The State of West Virginia has an important interest in maintaining the efficient operation of its criminal justice system in determining Petitioner's innocence or guilt of those charges without undue federal interference. Third, the matters in controversy are ongoing and Petitioner will have an adequate opportunity to present the claims which he is attempting to present in this Court in State Court proceedings.[3] See Gilliam v. Foster, 75 F.3d at 881, 904 (4th

[3] In Attorney Gunnoe letter dated October 7, 2019, Attorney Gunnoe advised Petitioner as follows

Cir. 1996)(Generally, "a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."). Fourth, there is no indication in this matter that the District Court should make any exception to abstention. Specifically, Petitioner has failed to demonstrate the existence of an extraordinary circumstance that present a threat of immediate and irreparable injury. Though Petitioner may claim to the contrary, there is no indication of bad faith or harassment by State officials who have handled the investigation and Petitioner's prosecution or that the law to be applied in his prosecution violates his constitutional rights. Rather, it appears that State officials are prosecuting Petitioner with a reasonable expectation of obtaining a valid conviction and constitutionally in conformity with West Virginia procedural and substantive law. Furthermore, Petitioner has not demonstrated that he has exhausted his State court remedies. See Brazell, 991 F.2d 787 at * 1(Pretrial detainees requesting *habeas* relief in Federal Court must demonstrate exhaustion of state remedies and "special circumstances" justifying federal review.); also see Richardson v. Thompson, 2015 WL 7422709, * 3 (D.S.C. Sept. 30, 2015)("Although § 2241 does not include a statutory exhaustion requirement comparable to that found at § 2254(b), federal courts have consistently recognized that the principles of comity and federalism require state pre-trial detainees to present their constitutional

---

concerning the Grand Jury transcripts (Document No. 13, p. 4):

> I am writing this letter to advise you the status of the above matter. As you are aware when we appeared for the hearing on October 4th your case was continued until November 1st, 2019 at 10:00 am. We will again be in Court for a status conference on that date.
>
> As I indicted on record, I have reviewed the file and the Grand Jury transcript has been requested. Following the hearing I discussed the matter with the Court Reporter and she told me the transcript was very lengthy and she hoped to have it prepared by sometime next week. After I receive that transcript, I will meet with you to determine how best to proceed.
>
> In addition, I have asked that I receive the audio portion of all statements and other material that are in the possession of the State. Again, once I receive those, I will review the same so we can further discuss them.

claims in state court before seeking federal habeas corpus relief under § 2241."). In view of the nature of the claims which Petitioner is attempting to raise under Section 2241, the District Court should abstain from exercising jurisdiction over Petitioner's *habeas* claims based upon Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and the availability of process in the State courts for consideration of the claims which he is attempting to raise in this Court under Section 2241.

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's letter-form Section 2241 Petition and Supplemental Petition (Document Nos. 1 and 13) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v.

Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: March 11, 2022.

Omar J. Aboulhosn
United States Magistrate Judge